UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANNIE M. SCALES,<br><br>                Plaintiff,<br><br>vs.<br><br><br>JUDGE ROGER HUNT, et al.,<br><br>                Defendants. | Case No.: 2:08-cv-00983-LRH-PAL<br><br>**ORDER AND<br>FINDINGS AND RECOMMENDATION**<br><br>(IFP Application # 1) |

Plaintiff Annie M. Scales ("Plaintiff") is proceeding in this action *pro se*. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and she submitted a Complaint on July 28, 2008. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule IB 1-3 and 1-4.

**I.**    *In Forma Pauperis* **Application (#1)**

Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.**    **Screening the Complaint Pursuant to 28 U.S.C. § 1915(e).**

The Court must screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e). When a court dismisses a complaint under this section, the plaintiff should be given leave to amend the complaint with directions regarding curing its deficiencies, unless it is clear

/ / /

1  from the face of the complaint that the deficiencies could not be cured by amendment.  See Cato v.
2  United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

3        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for
4  failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a
5  ruling on a question of law.  North Star Intern. v. Arizon Corp. Comm'n, 720 F.2d 578, 580 (9th Cir.
6  1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all
7  material allegations in the complaint are accepted as true and are to be contstued in the light most
8  favorable to the plaintiff.  Russel v. Landrieu 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a *pro*
9  *se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v.
10  Kerner, 404 U.S. 519, 520 (1972) (per curium).

**BACKGROUND**

12        In 1999, Plaintiff was charged in Nevada state court with misdemeanor stalking.  On October 13,
13  1999, Judge Jennifer Togliatti presided over a bench trial and found Plaintiff guilty of misdemeanor
14  stalking.  Over the next five years, Plaintiff filed civil right complaints against persons involved in her
15  trial.

16        On February 9, 2001, the Honorable Roger L. Hunt issued an Order (#10), which dismissed
17  Plaintiff's civil right complaint (2:00-cv-01042-RLH-PAL) for failure to file an amended complaint
18  against the court-appointed public defenders.  Plaintiff's complaint alleged that the public defenders
19  appointed to represent her in the stalking case violated her constitutional rights by failing to properly
20  defend her.

21        On October 12, 2001, the Honorable David W. Hagen issued an Order (#8), which dismissed
22  Plaintiff's civil right complaint (2:01-cv-00437-DWH-PAL) for failure to comply with Fed. R. Civ. P.
23  4(m).  Plaintiff's complaint alleged that the Las Vegas Metropolitan Police Department officers
24  violated her constitutional rights when they falsely accused Plaintiff of misdemeanor stalking.  Plaintiff
25  filed an appeal, and the United States Court of Appeals for the Ninth Circuit dismissed Plaintiff's appeal
26  (#12).

27        On June 23, 2005, the Honorable Kent J. Dawson issued an Order (#7), which granted
28  Defendant's motion to dismiss Plaintiff's civil right complaint (2:04-cv-01710-KJD-RJJ).  Plaintiff's

complaint alleged that Defendant Christopher Lalli, Deputy District Attorney for Clark County, violated her constitutional rights when he prosecuted Plaintiff for misdemeanor stalking. Plaintiff filed an appeal, and the United States Court of Appeals for the Ninth Circuit affirmed this Court's decision (#31).

On September 13, 2007, the Honorable Robert C. Jones issued an Order (#70), which adopted the Report and Recommendations to grant Plaintiff's Application to Proceed *In Forma Pauperis* and dismiss the accompanying complaint with prejudice (2:06-cv-00043-RCJ-LRL). Plaintiff's complaint alleged that Defendants Christopher Lalli, David Roger, and Lucinda Coumou violated her constitutional rights when they prosecuted Plaintiff for misdemeanor stalking.

Plaintiff's complaint in the instant case attempts to state a claim under 42 U.S.C. § 1983, alleging violations of Plaintiff's Fifth Amendment right to Due Process (Count I), Sixth Amendment rights to be informed of the nature of the accusation, to confront witnesses, and to have assistance of counsel (Count II), and Eighth Amendment right against cruel and unusual punishment (Count III). To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. Hafer v. Melo, 502 U.S. 21, 26 (1991).

Here, Plaintiff's allegations against Judge Roger Hunt, Judge Kent Dawson, and Judge Lawrence Leavitt (collectively, the "Defendants") are largely unintelligible. Plaintiff alleges the Defendants failed to read and review a criminal case pending against Plaintiff, conspired in a "meeting of the minds of judges," and violated her constitutional rights, and caused her medical problems, including kidney damage, "PVD," uncontrolled blood pressure, diabetes, and heart disease. Plaintiff also alleges that as a result of the activities of the Defendants, she was unable to find a job.

Each of Plaintiff's claims fails to state a claim upon which relief can be granted. All of her claims against the Defendants involve actions taken in their judicial capacity to decide her cases for which Defendants are absolutely immune from suit. The United States Supreme Court has repeatedly

held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. Stump v. Sparkman, 435 U.S. 349, 360 (1978); Nixon v. Fitzgerald, 457 U.S. 731, 766 (1982). Judges are absolutely immune from a civil suit for damages under § 1983. See Imber v. Pachtman, 424 U.S. 409, 435 (1976). Thus, the Defendants are immune from suit. Plaintiff's complaint, therefore, fails to state a claim upon which relief can be granted

Based upon the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's Application to Proceed *in Forma Pauperis* (#1) is GRANTED. Plaintiff shall not be required to pre-pay the full filing fee of $350.00.

2. The Clerk of the Court shall file the Complaint.

**RECOMMENDATION**

Based on the foregoing, it is the **recommendation** of the undersigned United States Magistrate Judge that the complaint should be **dismissed** with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of September, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE